IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **ZHU YONGBAO and ZHU YONGSHENG, individuals d/b/a YIWUSHI ZHONGYUN E-COMMERCE CO. LTD.,**<br><br>Plaintiffs,<br><br>v.<br><br>**PINNACLE RIDGE, INC.,**<br><br>Defendants. | Case No.:<br><br><br><br>**JURY DEMANDED** |

## COMPLAINT

For their Complaint against Defendant Pinnacle Ridge, Inc. ("Pinnacle"), Plaintiffs Yiwushi Zhongyun E-Commerce Co., Ltd. ("Yiwushi"), Zhu Yongbao ("Yongbao") and Zhu Yongsheng ("Yongsheng") (collectively "Plaintiffs," where appropriate) state as follows:

### PARTIES

1. Plaintiff Yiwushi is a Chinese limited corporation.

2. Plaintiff Yongbao is an individual and is a Chinese citizen living in China.

3. Plaintiff Yongsheng is an individual and is a Chinese citizen living in China.

4. Yongbao and Yongsheng are brothers.

5. Defendant Pinnacle is a Panamanian company with a principal place of business at Via Espana, Delta Bank Building, 6th Floor, Panama City, Panama 0801.

### JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over Counts I-IV under 28 U.S.C. §§ 1331 and 1338(a) as these counts arise under the Lanham Act, 15 U.S.C. § 1051, *et seq*.

7. This Court has subject matter jurisdiction over Counts V-VIII under 28 U.S.C. §§ 1338(b) and 1367(a).

8. This Court has subject matter jurisdiction over Counts IX-X under 28 U.S.C. § 1367(a).

9. This Court has personal jurisdiction over Pinnacle as it has availed itself of the laws of the United States by obtaining and seeking to enforce U.S. Trademark Registration No. 6,839,312 (the '312 Registration). This Complaint includes a claim seeking cancellation of such registration.

10. Venue is proper in this District under 28 U.S.C. § 1391(c)(3) as Pinnacle, as a foreign defendant, may be sued in any judicial district.

## BACKGROUND

11. Yongsheng owns U.S. Trademark Registration No. 5,419,527 (the '527 Registration) for MWELLEWM® for earrings; jewelry and imitation jewelry; jewelry boxes; bracelets; brooches; necklaces; rings (Exhibit A).

12. Yongsheng has used the MWELLEWM® mark in commerce on such goods since at least as early as July 11, 2016.

13. Yongbao owns the following U.S. Trademark applications for the MWELLEWM® mark, with the following dates of first use:

| SERIAL NO. | GOODS/SERVICES | FIRST USE DATE |
|---|---|---|
| 97/436,071 | Display stands; Embroidery frames; Mannequins; Neck support cushions; Neck-supporting pillows; Non-metal clamps; Plastic cases; Plastic containers and covers sold as a unit to the fast food industry for made to order food products; Storage racks; | April 17, 2019 |

|  | Suction cup hangers and hooks made of silicone polymer. |  |
|---|---|---|
| 97/416,393 | Billiard table brushes; Cleaning brushes for household use; Collapsible buckets; Eyelash combs; Foot exfoliating pads; Holders for flowers and plants; Pastry scrapers; Strainers for household purposes; Toothbrushes for pets; Wine openers. | September 11, 2018 |
| 97/218,257 | Cushions for pins; Embroidery; Feathers for ornamentation; Hair accessories, namely, hair sticks; Hair clips; Hair rods; Hair weaves; Hook and loop fasteners for garden use; Ribbons, not of paper, for gift wrapping; Rubber bands for hair. | August 12, 2019 |
| 97/217,827 | Felts; Flax cloth; Furnishing and upholstery fabrics; Unfitted furniture coverings made of plastic materials; Kitchen towels of cloth; Linen cloth; Non-woven textile fabrics; Sackcloth; Table pads; Textile fabrics for use in making clothing and household furnishings; Traced cloth for embroidery; Traced cloths for embroidery. | August 2, 2019 |
| 97/217,811 | Adhesive tape for industrial and commercial use; Foam supports for floral arrangements; Garden hoses; Irrigation hoses; Lawn hoses; Masking tape; Oil absorbent pads and pillows for containing oil spills; Plastic foam used for arts and crafts; Plastic hoses for swimming pools; Shock absorbing rubber buffers for industrial machinery | March 12, 2021 |
| 97/194,307 | Adhesives for artificial nails; Adhesives for attaching artificial fingernails and/or eyelashes; Adhesives for cosmetic use; Decalcomanias for fingernails; Fingernail embellishments; | March 11, 2019 |

|  | Fingernail jewelry; Household cleaning preparations; Nail art stickers; Nail care preparations; Nail grooming products, namely, tips, glue, lacquer and glitter. |  |
|---|---|---|
| 97/217,901 | Drawing rulers; Felt mats for calligraphy; Masking paper; Memo pads; Office stationery; Sealing stamps; Stationery folders; Stickers; Stickers and sticker albums; Tags for index cards. | August 27, 2019 |

14. Yiwushi owns and has registered the MWELLEWM Amazon storefront. Yiwushi is owned by Yongsheng.

15. Yongbao operates the MWELLEWM Amazon storefront.

16. Plaintiffs began using the MWELLEWM® mark on personal care products and nail clippers at least as early as September 2018, as shown in the attached Amazon listings, ASIN Nos. B07H84YPC6 and B07SVXSBR1, the latter of which is the subject of Amazon Complaint ID 10737682501, as described in more detail below (Exhibit B).

17. Amazon is one of, if not the largest, online retailer in the world.

18. Amazon's online e-commerce platform allows for third parties, like Plaintiffs, to sell products on its e-commerce platform.

19. Selling on Amazon is highly advantageous, as Amazon provides third parties with exposure to the world marketplace on a scale that no other online retailer can currently provide.

20. For products that are sold on Amazon.com, Amazon issues each product an Amazon Standard Identification Number (ASIN).

21. ASINs are the product identifiers for all products sold on the Amazon Marketplace, and without an ASIN, a product cannot be listed or sold on the Amazon.com website. ASINs allow a brand manager to create a page for its branded products so that individual sellers who have

4

inventory of the product for sale can link their inventory to the branded page for the product without creating individual product images, descriptions, and the like. This process lowers the barrier for sellers and increases the control that a company has over its brand and the manner in which its products are described, advertised, and sold.

22. The ASINs also permit Amazon approved vendors to submit inventory to be sold under a specific ASIN.

23. Plaintiffs have had a contractual and business relationship with Amazon, such that Plaintiffs were and are permitted to sell products on Amazon's e-commerce platform.

24. Third-party sellers, like Plaintiffs, create an online storefront on Amazon. When a customer buys a product on Amazon, the customer can see the online store from which the customer is purchasing a product. Thus, Plaintiffs have on Amazon the online equivalent of a brick and mortar store.

25. In general, transactions on Plaintiffs' Amazon storefront are completed by Amazon, whereby Amazon ships Plaintiffs' products from an Amazon warehouse (known as "Fulfilment by Amazon" or "FBA").

26. Plaintiffs have served thousands of customers and have invested significant efforts into building a successful and reputable Amazon storefront and relationship with Amazon.

27. Plaintiffs have sold a number of products under the MWELLEWM® mark on Amazon under a variety of ASINs as shown in the table below.

28. In September 2022, Pinnacle caused to be filed with Amazon a number of complaints against Plaintiffs' listings for such products, claiming that the listings infringed the '312 Registration (Group Exhibit C).

29. Pinnacle is the purported owner of the '312 Registration for MWELLEWM for manicure implements, namely, nail clips; nail clippers.

30. The '312 Registration asserts a first use in commerce date of February 13, 2020, after Plaintiffs' first use dates.

31. In view of first use prior to Pinnacle, Plaintiffs have prior rights to Pinnacle in the MWELLEWM® mark.

32. The complaints filed with Amazon against Plaintiffs by Pinnacle and their associated ASINs and products are set forth below:

| ASIN | PRODUCT | COMPLAINT ID |
|---|---|---|
| B07QFLSPWL | 50 Sheets Double Side Glue Nail Sticker for Press on Nail Sticky Tabs, Waterproof Breathable False Nail Tips Jelly Adhesive Tabs Nail Glue | 10760742991 10779974751 |
| B09BV722KC | Nail Glue Stickers Double Side for Press on Nails Stickers, Waterproof Breathable False Nail Tips Jelly Adhesive Nail Tabs Glue | 10779901541 |
| B09CD5CWTR | 100 Sheets Nail Glue Stickers Double Side for Press on Nails Stickers, Waterproof Breathable False Nail Tips Jelly Adhesive Nail Tabs Glue | 10779953871 10810970741 10737682501 |
| B099F42KNN | 20 Sheets Nail Glue Stickers Double Side for Press on Nails Stickers, Waterproof Breathable False Nail Tips Jelly Adhesive Nail Tabs Glue | 10779916491 10737682501 |
| B07QR314LN | Practice Hand for Acrylic Nail, Fake Hand for Nails Practice, Flexible Movable Fake Hand Manicure | 10779916481 10737682501 |

|  | Practice Tool, Nail Art Training Practice ... |  |
|---|---|---|
| B07SVXCBR1 | 10Pcs Nail Tips Clip for Quick Building Poly UV Builder Assistant Tool DIY Manicure Tool Plastic Finger Extension Clip Set | 10737682501 |
| B09V2F6XVK | 20 Sheets Nail Glue Stickers for Press on Nails Adhesive Tabs, Jelly Glue Waterproof Breathable False Nail Glue Dots Tips Jelly Adhesive Tabs (Pink 20 Pieces) | 10802929541 |
| B099JV9W5C | Double Side Glue Nail Sticker for Press on Nails, Waterproof Breathable False Nail Tips Jelly Adhesive Tabs Nail Glue (Pink 100 Pieces) | 10803138891 |

33. Pinnacle filed multiple false complaints with Amazon alleging that Plaintiffs were selling infringing products under these ASINs.

34. Pinnacle knew, or should have known, that such allegations were false and in bad faith.

35. Pinnacle knowingly made false infringement complaints against Plaintiffs' listings to ensure the suspension of Plaintiff's Amazon listings.

36. As a result of each of the above false trademark infringement complaints submitted to Amazon, Plaintiffs' listings were suspended, resulting in an immediate loss of revenue.

37. Pinnacle was aware that its complaints to Amazon, particularly those alleging trademark infringement, result in selling suspensions.

38. It is well-known among brand owners that Amazon has a policy of acting on virtually any notice of intellectual property infringement, whether legitimate or not.

7

39. Amazon does not perform any meaningful investigation of complaints such as those submitted by Pinnacle, but rather considers such complaints valid and removes any listings complained of.

40. Pinnacle was, at all relevant times, aware of the foregoing Amazon policy with respect to reports of trademark infringement.

41. These complaints resulted in the removal of Plaintiffs' Amazon listings associated with the above-identified ASINs, resulting in economic harm to Plaintiffs.

42. In addition, the complaints injured the relationship between Plaintiffs and Amazon creating serious and irreparable injury to Plaintiffs.

43. As the senior users of the MWELLEWM® mark, Plaintiffs have never infringed Pinnacle's trademark rights.

44. Pinnacle knew or should have known that Plaintiffs were the senior users of the MWELLEWM® mark.

45. On June 26, 2023, Plaintiffs sent to Pinnacle's counsel who filed the Amazon a demand for retraction of the complaints (Exhibit D). To date, such efforts have been unsuccessful.

46. Pinnacle has wrongfully attempted to preclude Plaintiffs from selling its products on Amazon by making false and defamatory complaints and allegations of trademark infringement to Amazon that Plaintiffs have infringed the MWELLEWM® mark.

47. The purpose of these false and defamatory complaints allegations is to damage Plaintiffs' reputation and goodwill, such that Amazon would suspend or terminate its relationship with Plaintiffs, thereby preventing Plaintiffs from selling its products on Amazon.

48. As a result, Plaintiffs' performance metrics were irreparably damaged, as have Plaintiffs' sales and reputation with Amazon, among others.

## COUNT I
## CANCELLATION OF U.S. TRADEMARK REGISTRATION NO. 6,839,312

49. Plaintiffs reallege and incorporate each of the preceding paragraphs as if fully set forth below.

50. Plaintiffs are the senior users with respect to Pinnacle of the MWELLEWM® mark with respect to nail care and other products.

51. Pinnacle's use of the MWELLEWM® mark on such products will create a likelihood of confusion, or to cause mistake, or to deceive as to affiliation, connection, or association of Pinnacle with Plaintiffs as to the origin, sponsorship, or approval of Pinnacle's products.

52. Plaintiffs have been and will continue to be damaged as a result of Pinnacle's '312 Registration.

53. The '312 Registration should be cancelled.

## COUNT II
## INFRINGEMENT OF U.S. TRADEMARK
## REGISTRATION NO. 5,419,527 UNDER 15 U.S.C. §1114

54. Plaintiffs reallege and incorporate each of the preceding paragraphs as if fully set forth below.

55. Plaintiffs are the senior users of the MWELLEWM® mark with respect to Pinnacle.

56. Pinnacle's use of the MWELLEWM® mark constitutes use in commerce.

57. Pinnacle's use of the MWELLEWM® mark as described and alleged herein, is likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association of Pinnacle with Plaintiffs as to the origin, sponsorship, or approval of Pinnacle's products.

9

58. Pinnacle's acts are causing damage and other irreparable injury to Plaintiffs, for which there is no adequate remedy at law, and will continue to do so unless Pinnacle's uses of the MWELLEWM® mark are enjoined by this Court.

59. Pinnacle's conduct as described herein has been willful, wanton, reckless, and in total disregard for Plaintiffs' rights.

60. Pinnacle has engaged in unlawful acts that constitute trademark infringement in violation of 15 U.S.C. § 1114, and Plaintiffs are entitled to profits resulting from those activities, the damages caused to Plaintiffs as a result of those actions, the costs of those actions, and reasonable attorneys' fees in accordance with 15 U.S.C. § 1117.

**COUNT III – FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a)(1)(A)**

61. Plaintiffs reallege and incorporate each of the preceding paragraphs as if fully set forth below.

62. Plaintiffs are the senior users of the MWELLEWM® mark with respect to Pinnacle.

63. Pinnacle's use of the MWELLEWM® mark constitutes use in commerce.

64. Pinnacle's use of the MWELLEWM® mark as described and alleged herein, is likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association of Pinnacle with Plaintiffs as to the origin, sponsorship, or approval of Pinnacle's products.

65. Pinnacle's acts are causing damage and other irreparable injury to Plaintiffs, for which there is no adequate remedy at law, and will continue to do so unless Pinnacle's uses of the MWELLEWM® mark are enjoined by this Court.

66. Pinnacle's conduct as described herein has been willful, wanton, reckless, and in total disregard for Plaintiffs' rights.

67. Pinnacle has engaged in unlawful acts that constitute unfair competition and false designation of origin in violation of § 43(a) Lanham Act, 15 U.S.C. § 1125(a), and Plaintiffs are entitled to profits resulting from those activities, the damages caused to Plaintiffs as a result of those actions, the costs of those actions, and reasonable attorneys' fees in accordance with 15 U.S.C. § 1117.

**COUNT IV – FALSE REPRESENTATION OF FACT UNDER 15 U.S.C. § 1125(a)(1)(B)**

68. Plaintiffs reallege and incorporate each of the preceding paragraphs as if fully set forth below.

69. Pinnacle knowingly made false representations of fact to Amazon regarding the nature, characteristics, qualities, or geographic origin of Plaintiffs' goods and commercial activities by falsely asserting that Plaintiffs sold infringing goods.

70. Pinnacle's statements were calculated to prevent others (including Amazon and Amazon's customers) from doing business with Plaintiffs and interfered with Plaintiffs' business relationships with these parties.

71. Pinnacle knew that submitting false complaints to Amazon would cause Amazon to suspend Plaintiffs' product listings.

72. As a result of Pinnacle's false complaints, Plaintiffs' product listings were removed from Amazon resulting in a direct and immediate loss in revenue, causing Plaintiffs to suffer damages.

73. Plaintiffs have suffered injury and, unless Pinnacle is enjoined from such activity, will continue to suffer injury.

## COUNT V
## VIOLATION OF ILLINOIS DECEPTIVE TRADE
## PRACTICES ACT, 815 ILCS 510/1, *et seq.*

74. Plaintiffs reallege and incorporate each of the preceding paragraphs as if fully set forth below.

75. Pinnacle's use of the MWELLEWM® mark is likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association of Pinnacle with Plaintiffs as to the origin, sponsorship, or approval of Pinnacle's products and services.

76. Pinnacle knowingly made false representations of fact to Amazon regarding the nature, characteristics, qualities, or geographic origin of Plaintiffs' goods and commercial activities by falsely asserting that Plaintiffs sold infringing goods.

77. Pinnacle's acts are causing damage and other irreparable injury to Plaintiffs, for which there is no adequate remedy at law, and will continue to do so unless Pinnacle's uses of the MWELLEWM® mark are enjoined by this Court.

78. Pinnacle's conduct as described herein has been willful, wanton, reckless, and in total disregard for Plaintiffs' rights.

79. Such actions constitute a violation of 815 ILCS 510/2, and Plaintiffs are entitled to damages for same.

80. Pinnacle's violation of 815 ILCS 510/2 was willful and deliberate, and therefore, Plaintiffs should be entitled to the costs of this action, and reasonable attorneys' fees for same pursuant to Illinois, 815 ILCS 510/3.

## COUNT VI
## VIOLATION OF ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT, 815 ILCS 505/1, *et seq.*

81. Plaintiffs reallege and incorporate each of the preceding paragraphs as if fully set forth below.

82. Pinnacle's use of the MWELLEWM® mark is likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association of Pinnacle with Plaintiffs as to the origin, sponsorship, or approval of Pinnacle's products and services.

83. Pinnacle knowingly made false representations of fact to Amazon regarding the nature, characteristics, qualities, or geographic origin of Plaintiffs' goods and commercial activities by falsely asserting that Plaintiffs sold infringing goods.

84. Pinnacle's acts are causing damage and other irreparable injury to Plaintiffs, for which there is no adequate remedy at law, and will continue to do so unless Pinnacle's uses of the MWELLEWM® mark are enjoined by this Court.

85. Pinnacle's conduct as described herein has been willful, wanton, reckless, and in total disregard for Plaintiffs' rights.

86. Such actions constitute a violation of 815 ILCS 505/2, and Plaintiffs are entitled to damages for same.

87. Pinnacle's violation of 815 ILCS 505/2 was willful and deliberate, and therefore, Plaintiffs should be entitled to the costs of this action, and reasonable attorneys' fees for same.

## COUNT VII
## COMMON LAW TRADEMARK INFRINGMENT

88. Plaintiffs reallege and incorporate each of the preceding paragraphs as if fully set forth below.

13

89. Pinnacle's use of the MWELLEWM® mark and variations thereof, as described and alleged herein, is likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association of Pinnacle with Plaintiffs as to the origin, sponsorship, or approval of Pinnacle's products and services.

90. Pinnacle's acts are causing damage and other irreparable injury to Plaintiffs, for which there is no adequate remedy at law, and will continue to do so unless Pinnacle's uses of the MWELLEWM® mark, and variations thereof, are enjoined by this Court.

91. Pinnacle's conduct as described herein has been willful, wanton, reckless, and in total disregard for Plaintiffs' rights.

92. The acts of Pinnacle described above have caused unfair and unjust commercial injury to Plaintiffs.

93. Because of Pinnacle's actions, Plaintiffs have lost business and potential business as a result of that conduct and has incurred commercial and marketplace damages as a continuing result of same.

94. Pinnacle's actions constitute the common law tort of trademark infringement.

95. Plaintiffs are entitled to damages as a result of Pinnacle's infringement.

## COUNT VIII
## COMMON LAW UNFAIR COMPETITION

96. Plaintiffs reallege and incorporate each of the preceding paragraphs as if fully set forth below.

97. Pinnacle's use of the MWELLEWM® mark is likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association of Pinnacle with Plaintiffs as to the origin, sponsorship, or approval of Pinnacle's products and services.

98. Pinnacle's acts were and are undertaken willfully and in bad faith and in conscious disregard of Plaintiffs' rights, with an intention to mislead the public into believing that there is a connection between it and Plaintiffs.

99. Pinnacle is trading on the goodwill symbolized by Plaintiffs' MWELLEWM® mark and, by reason of Pinnacle's acts, Plaintiffs have suffered and will continue to suffer damage and injury to its business, reputation, and goodwill and will sustain a loss of revenue and profits.

100. Pinnacle's use of the MWELLEWM® mark has caused and continues to cause harm to Plaintiffs' goodwill and has created and continues to create a likelihood of confusion among consumers that causes harm to Plaintiffs' market share and trademark rights.

101. Pinnacle's acts are causing irreparable injury to Plaintiffs, for which there is no adequate remedy at law, and will continue to do so unless and until Pinnacle's use of the MWELLEWM® mark, and variations thereof, is enjoined by this Court.

102. Pinnacle knowingly made false representations of fact to Amazon regarding the nature, characteristics, qualities, or geographic origin of Plaintiffs' goods and commercial activities by falsely asserting that Plaintiffs sold infringing goods.

103. Unless temporarily and permanently enjoined by this Court, Pinnacle's acts will immediately and irreparably injure Plaintiffs' goodwill, erode its market share, and cause confusion in the marketplace.

104. Pinnacle's actions constitute the common law tort of unfair competition.

105. Plaintiffs are entitled to damages as a result of Pinnacle's conduct.

**COUNT IX**
**INTENTIONAL INTERFERENCE WITH CONTRACT AND BUSINESS RELATIONS**

106. Plaintiffs reallege and incorporate each of the preceding paragraphs as if fully set forth below.

107. Plaintiffs have had an advantageous business relationship with Amazon, which allows Plaintiff to sell on Amazon's e-commerce platform as a third-party seller.

108. Plaintiffs also have a contractual relationship with Amazon.

109. Pinnacle was aware of Plaintiffs' business and contractual relationship with Amazon.

110. Pinnacle intentionally and improperly interfered with Plaintiffs' advantageous and contractual relationship with Amazon by wrongfully complaining, in writing, to Amazon, that Plaintiff was selling infringing products.

111. Pinnacle's conduct directly and proximately caused disruption of Plaintiffs' relationship and contract with Amazon.

112. Pinnacle intended to cause Amazon to suspend Plaintiffs' ability to sell MWELLEWM® products on Amazon and therefore interfere with the contractual and business relationship between Amazon and Plaintiffs.

113. Pinnacle had actual knowledge that its actions would cause Amazon to suspend Plaintiffs' listing and the ability to sell MWELLEWM® products on Amazon.

114. Pinnacle's accusations were false and were made maliciously and with ill will.

115. Plaintiffs have been damaged by suspension of these listings by losing revenue related to the suspended listings.

116. Plaintiffs are entitled to damages, costs and attorneys' fees as allowed by law.

117. Plaintiffs have suffered injury and, unless Plaintiff is enjoined from further such activity, will continue to suffer injury.

## COUNT X
## TRADE LIBEL AND DEFAMATION

118. Plaintiffs reallege and incorporate each of the preceding paragraphs as if fully set forth below.

119. Pinnacle published false statements to Amazon regarding Plaintiffs as described in this Complaint, including reporting to Amazon that Plaintiff sold infringing products.

120. Plaintiff did not sell infringing products.

121. Pinnacle's false statements injured Plaintiffs and their business because they caused Amazon to suspend Plaintiff's selling privileges related to the suspended products.

122. Pinnacle's false statements injured Plaintiffs and their business because they caused Amazon and Plaintiffs' customers to avoid purchasing products from Plaintiffs.

123. Pinnacle was, at a minimum, negligent in making the false statements to Amazon because, among other things, Pinnacle knew that Plaintiffs did not sell infringing products.

124. Pinnacle's false statements are not protected by any privilege.

125. Pinnacle acted with actual malice or with reckless disregard for the truth of the matter contained in its false statements to Amazon.

126. Plaintiffs have incurred special harm, including, but not limited to, suspension from selling products on Amazon and damage to its relationship with Amazon and their customers, as well as lost sales.

127. Plaintiffs have suffered injury and, unless Pinnacle is enjoined from such activity, will continue to suffer injury.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs request that the Court enter a judgment in their favor granting the following relief:

1) Cancelling the '312 Registration;

2) That Pinnacle has infringed the registered MWELLEWM® mark in violation of 15 U.S.C. § 1114;

3) That Pinnacle has violated 15 U.S.C. § 1125;

4) That Pinnacle has violated Illinois statutes 815 ILCS 505/2, *et seq*. and 510/2, *et seq*.;

5) That Pinnacle has engaged in common law trademark infringement and unfair competition;

6) That Pinnacle has interfered with the contract and business relationship between Plaintiffs and Amazon;

7) That Pinnacle has engaged in trade libel and defamation;

8) Permanently enjoining and restraining Pinnacle from using the mark MWELLEWM® or any confusingly similar mark;

9) Preliminary and permanent injunctive relief restraining Pinnacle, its agents, servants, employees, successors and assigns, and all others in concert and privity with Pinnacle, from filing false complaints with Amazon and any other e-commerce platform,

10) Injunctive relief requiring Pinnacle to rescind all complaints that it has filed against Plaintiffs;

11) Preliminary and permanent injunctive relief restraining Pinnacle, its agents, servants, employees, successors and assigns, and all others in concert and privity with Pinnacle, from making false, defamatory and libelous statements concerning Plaintiffs;

12) An award to Plaintiffs of their damages and Pinnacle's profits for its violations of the Lanham Act, the Illinois statutes 815 ILCS 505/2, *et seq.* and 510/2, *et seq.*, and the common law of unfair competition and trademark infringement;

13) An award to Plaintiffs of their damages for Pinnacle's intentional interference with the contract and relationship between Plaintiffs and Amazon;

14) An award of all damages that Plaintiffs have suffered as a result of Pinnacle's defamation and trade libel;

15) An order declaring that this is an exceptional case, awarding Plaintiffs their costs, expenses, disbursements and reasonable attorney fees under 15 U.S.C. § 1117(a) and all other applicable statutes, rules and common law;

16) An order awarding Plaintiffs punitive damages for Pinnacle's tortious conduct; and

17) Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury trial for all issues so triable.

Dated: July 17, 2023

Respectfully submitted,

/s/ Edward L. Bishop
Edward L. Bishop
ebishop@bdl-iplaw.com
Nicholas S. Lee
nlee@bdl-iplaw.com
James J. Jagoda
jjagoda@bdl-iplaw.com
BISHOP DIEHL & LEE, LTD.
1475 E. Woodfield Road, Suite 800
Schaumburg, IL 60173
Telephone: (847) 969-9123
Facsimile: (847) 969-9124

*Counsel for Plaintiffs*